ENRIQUE GONZÁLEZ GONZÁLEZ, Plaintiff and Appellee, *v.* JESÚS MARRERO and LUISA MIRANDA, Defendants and Appellants.

No. 7853. Argued May 19, 1939.—Decided January 10, 1940.

*Miguel Santoni* and *A. Cadilla Ginorio,* for appellants. *Luis Tirado Géigel,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is an appeal from a judgment of the District Court of Arecibo, in an action brought by Enrique González, the plaintiff-appellee, against Jesús Marrero and Luisa Miranda (the defendants-appellants) to recover sums of money which their deceased son owed plaintiff on current account. The defendants set up prescription; that they had never accepted the inheritance and therefore were not liable for the debts of their son.

The account ran from December 22, 1928, to April 15, 1931, and when liquidated showed a balance of $395.41 in favor of the plaintiff. The debtor died on April 26, 1931. The creditor made attempts to collect from the parents which were unsuccessful. He filed a complaint in the Municipal Court of Ciales on September 15, 1934, and prayed for judgment to the amount of $395.41 for the account, plus $79.08 interest to the date of the complaint or a total sum of $474.49. The Municipal Court rendered judgment for the plaintiff in the sum claimed. The defendants appealed to the District Court of Arecibo.

There the plaintiff proved the account. He also proved that Prudencio Marrero died in Ciales, P. R., on April 26, 1931, by coming in contact with a high tension wire which caused electric shock. He was of age, single and left no descendants. His parents Jesús Marrero and Luisa Miranda sued the electric company and said in their complaint: "That the plaintiffs are man and wife and legitimate father and mother respectively of their son named Prudencio Marrero

Miranda, who died, single, at the age of 29 years, ab-intestato, leaving no descendants, and his aforementioned ancestors, the plaintiff parents are his only and universal heirs.''

The district court, as to the defense of prescription, said:

"Even if we accept that this case is governed by Section 1867, par. 4, of the Civil Code, the action had not prescribed when the complaint was filed, considering the efforts (gestiones) to collect made by the creditor."

The district court also considered that the defendants had tacitly accepted the inheritance when they filed a suit before that same court claiming compensation as heirs of their son. The defendants presented in evidence a deed repudiating the inheritance executed on the same day of the trial. The court held that once accepted, the inheritance could not be repudiated and gave judgment for the plaintiff in the sum of $395.00 and costs, excluding attorney's fees.

■■ The appellants assign five errors, and the first was as follows:

"That the district court erred when it held that under Section 1867, par. 4, of the Civil Code of Puerto Rico, 1930 ed., the action had not prescribed and when it held that the prescription was interrupted by the extrajudicial efforts to collect (gestiones de cobro) made by the creditor; and hence in dismissing the defense of prescription presented."

With respect to the defense of prescription appellants maintain that the current account is a commercial contract and is governed by the Code of Commerce. They cite *Puente* v. *Pérez*, 7 P.R.R. 181, which says:

"Accounts current with mercantile firms are regulated by the Code of Commerce."

They maintain, furthermore, that Section 940 of the Code of Commerce (1932 ed.) is applicable, and that the term for prescription should be looked for in the Civil Code. It reads:

"The actions which by virtue of this Code do not have a fixed period in which they must be brought, shall be governed by the provisions of the common law."

Section 1867, par. 4 of the Civil Code (1930 ed), says:

"Section 1867.—Actions for the fulfillment of the following obligations shall prescribe in three years:

" *        *        *        *        *        *        *

"4. For the payment of board and lodging to innkeepers, and to traders for the value or goods sold to other who are not traders, or who, being such, are engaged in a different trade."

They accept that under Section 1873 of the Civil Code the prescription of civil actions is interrupted by extrajudicial action. That Section reads:

"Presciption of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

They maintain, however, that the term for the prescription should be looked for in the Civil Code; but that the way of interrupting that term should not be looked for in the Civil Code but in the Code of Commerce, which says:

"Section 941.—Prescription shall be interrupted by suit or any judicial proceeding brought against the debtor, by the acknowledgment of the obligations, or by the renewal of the instrument on which the right of the creditor is based.

"Prescription shall be considered uninterrupted by a judicial proceeding if the plaintiff should withdraw it, or the case should go by default or the complaint be dismissed.

"The period of prescription shall begin to be counted again, in case of the acknowledgment of the obligations, from the day this is done; in case of their renewal, from the date of the new instrument, and if the period for meeting the obligation should have been extended, from the date this extension expires."

They cite *Manrique* v. *Ramírez*, 37 P.R.R. 235, in which this court held:

"An action based on a current account originating in the sale of merchandise is barred if not brought before the expiration of the time provided in Section 1868 of the Civil Code (now 1867)."

It is true that the action appears to be prescribed according to Section 1867 of the Civil Code (1930 ed.), but according to Section 1873 of the same legal body, the prescription of actions is interrupted by "extrajudicial claim of the creditor." Extrajudicial claims were proved. The district court held that the efforts made by the creditor to collect had tolled the prescription. It we resort to the Civil Code for the prescription we must look into the same Code for the way to stop it, and not to the Code of Commerce.

The issue is clearly whether Section 940 of the Code of Commerce (1932 ed.) refers to actions or to terms. If it refers to actions then all the rules found in the Civil Code with regard to prescription apply. If it refers to terms we have to look into the Civil Code only for the term and go to the Code of Commerce to find the causes which may interrupt the prescription. See Gay de Montellá V, pp. 482, 486 and 489, judgment of the Supreme Court of Spain of June 18, 1923.

The Supreme Court of Spain, in judgment of November 23, 1917, (141 *Jurisprudencia Civil*, pp. 777, 778) said:

"According to section 943 of the Code of Commerce the actions that by that code do not have a fixed term to allege in pleading, will be governed by the provisions of the common law; and whereas the Civil Code, section 1973, rules that the prescription of actions is interrrupted by extrajudicial claim, there is no error in the judgment when it concludes that the creditor interrupted prescription by presenting his bill; because that act represents and means that the creditor claims the amount of the debt, and neither can it be held that section 944 of the first code cited is violated because it provides that prescription is interrupted by the acknowledgment of the debts and the appealed judgment applies this directly to the fact that at different times sums of money were paid on account."

When the Code of Commerce, we hold, provides that actions for which no term is fixed "shall be governed by the provisions of the common law" it refers to the actions and not the terms.

■ As to liability for son's debts:

The appellants' brief discusses the 2nd, 3rd and 4th errors together. They are as follows:

"2.—The district court erred in deciding that the defendants had actually accepted the inheritance of their deceased son Prudencio Marrero Miranda, by filing a suit for damages against the Porto Rico Railway Light & Power Co. for the death of their aforementioned son Prudencio, due to the negligence of said company; inasmuch as the exercise of such an action does not constitute an implied acceptance of inheritance, or otherwise.

"3.—The district court erred in giving judgment for the plaintiff and making the defendants liable for the alleged debt of their deceased son Prudencio Marrero Miranda, when the defendants had at no time expressly or by implication accepted purely or simply or in benefit of inventory, and in no way or form accepted the inheritance but on the contrary, the defendants had expressly refused it by public deed of April 13, 1938, drawn before the notary Miguel Santoni.

"4.—The district court erred in giving judgment for the plaintiff because said judgment is contrary to the law and the evidence presented."

The appellants maintain that the fact that they claimed and recovered compensation for their son's death is not an acceptance of the inheritance; and that the filing of the complaint was not an overt act within the meaning of the statute. Section 953 of the Civil Code (1930 ed.) says:

"Section 953.—Pure and simple acceptances may be express or implied.

"An express acceptance is one made in a public or private instrument.

Implied acceptance is one made by acts which necessarily imply a wish to accept, or acts which no one should have a right to excute except in the capacity of an heir.

"Acts of mere preservation, or provisional administration, do not imply the acceptance of the inher'tance, if, at the same time the title and character of heir have not been assumed."

Their argument is that the acts referred to in the aforementioned Section have to be related to the inheritance or succession, and that any act not related or pertaining to the inheritance or succession (estate) even if the character of an

heir is assumed does not constitute an acceptance. They cite Manresa, vol. 7, p. 407 *et seq.*

They say that their action against the electric company did not necessarily have to be filed as heirs. *Ruberté* v. *Am. R. R. Co.*, 52 P.R.R. 457.

Section 951 of the Civil Code (1930 ed.) provides:

"The acceptance and repudiation of an inheritance once made are irrevocable, and cannot be impugned except when they are tainted from any of the defects which annul the consent, or when an unknown will appears."

The appellants attempt to argue that the acceptance was only provisional for the purpose of bringing the suit against the Porto Rico Ry. Light & Power Co., and that the acceptance for that purpose was not such an acceptance as set forth in Section 951 supra.

We think the terms of the Section are absolute, barring the exceptions named therein. It is obvious that the appellants had a claim for damages against the said company which was converted into cash, namely, $3,000, a compromise settlement. The money was due to heirs. The parents were not suing for their own losses as happened in the Ruberté case.

If the parents had distinctly repudiated the inheritance, then perhaps collateral heirs like brothers and sisters might have put in a claim for the estate and obtained the $3,000. The amount sued for in the present case only amounts to $474.49 and it should have been a very profitable enterprise for the collateral heirs to sue and obtain the $3,000 if thereby they only had to pay out the amount of $474.49. The fact is that by suing the parents were benefited and took what the heirs were entitled to take. The claim belonged to the heirs. Therefore, something like an estoppel might arise.

It is needless to pursue the argument further because the terms of Section 951 are definite but this attempted reasoning might tend to show the purpose of the Legislature in making the terms of the Section so positive.

We do not have to search all the reasons of the Legislature because we are quite convinced that when the terms of an act or of the precedents are clear they should be followed.

Section 14 of the Civil Code (1930 ed.) provides:

"When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof."

The fifth error was:

"5.—The district court erred when it refused to admit an amendment to the answer, proposed by the defendants to add to the first defense or statement in said answer the following: 'That the defendants have refused and rejected expressly the inheritance of their son Prudencio Marrero, by deed executed today before the Notary Miguel Santoni."

This is a technical error. When the court admitted the evidence the complaint was practically amended; and it refused to amend the complaint not because it was not in order, but because the court deemed it unnecessary.

The judgment should be affirmed.